## MONGE ET AL. *v.* ZECHINI ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 507.—Resuelto en junio 9, 1911.

NULIDAD DE PERMUTA DE BIENES DE MENORES—ACCIÓN REIVINDICATORIA—PARTICIÓN Y ADJUDICACIÓN DE BIENES.—Los demandantes en este caso, habiendo adquirido la propiedad de los terrenos que tratan de reivindicar en virtud de la partición y adjudicación hecha a cada uno de ellos en las operaciones divisorias de su causante, de acuerdo con el artículo 1068 del Código Civil antiguo y 1035 del actual, tienen título para reivindicar la finca objeto de esta acción.

ID.—PARTICIÓN DE HERENCIA DE MENORES—APROBACIÓN JUDICIAL.—De acuerdo con el artículo 1060 del Código Civil Español, vigente en la fecha en que se practicaron las operaciones divisorias de que se trata, cuando los menores de edad están sometidos a la patria potestad y representados en la partición por el padre y en su caso por la madre, no era necesaria la intervención ni la aprobación judicial y el artículo 1048 de la Ley de Enjuiciamiento Civil antiguo, que exigía dichos requisitos, en casos como el que se trata, quedó modificado por el artículo 1060 del Código Civil antiguo, ya citado.

ID.—INCAPACIDAD DE LOS CONTRATANTES—ALEGACIÓN DE INCAPACIDAD POR EL CONTRATANTE CAPAZ—ESTOPPEL.—Aún en el supuesto de que hubiera sido necesaria la intervención y aprobación judicial en las operaciones divisorias del causante de los demandantes, el demandado que contrató con los demandantes, no puede invocar la falta de aquel requisito para beneficiarse de su omisión según el artículo 1269 del Código Civil revisado.

ID.—INCAPACIDAD DE LOS CONTRATANTES—ALEGACIÓN DE INCAPACIDAD POR LOS MANDANTES DEL MANDATARIO QUE INTERVINO EN EL CONTRATO.—Aun aquellos demandados que no intervinieron directa y personalmente en las operaciones particionales del causante de los demandantes, pero sí por medio de uno de los demandados como mandatario, no pueden alegar la incapacidad de los demandantes en el contrato de permuta hecho con ellos.

Id.—Causas Justificadas de utilidad ó Necesidad—Facultades del Padre o Madre para Enajenar Bienes de Sus Hijos Menores.—De acuerdo con el artículo 164 del Código Civil vigente en la época en que tuvo lugar la adquisición de los terrenos objeto de este litigio, que es el 229 del Código Civil revisado, el padre o madre no pueden enajenar los bienes inmuebles del hijo en que les correspondía el usufructo o la administración, ni gravarlos sino por causas justificadas de utilidad o necesidad, y previa la autorización del juez del domicilio con audiencia del ministerio Fiscal.

Id.—Inscripción en el Registro—Convalidación de un Contrato Nulo.—La inscripción en el registro del auto aprobatorio del expediente de dominio de los bienes adquiridos por los demandados, en virtud de un contrato de permuta nulo, no convalida dicho contrato según el artículo 33 de la Ley ·Hipotecaria.

Id.—Nulidad de Expediente de Dominio—Omisión de los Verdaderos Adquirentes.—Adolece del vicio de nulidad un expediente de dominio en donde se afirma que la parte de la finca a que se refiere el expediente ´fué adquirida por compra a determinada persona, sin consignar que la compra fué hecha ᵣ esa misma persona como representante legal de sus menores hijos.

Id.—Nulidad de la Inscripción—Producida por Ser Nulo el Contrato.—Siendo nulo un contrato de permuta de bienes inmuebles por falta de capacidad para enajenarlos y declarada nula la enajenación, queda también anulada su inscripción en el registro de la propiedad.

Id.—Terceros.—No pueden invocar el carácter de terceros los que han intervenido en la instrucción del expediente de dominio y contrataron con los mismos demandantes que no tienen capacidad para contratar.

Id.—Restitución Recíproca de las Cosas y Sus Frutos—Enriquecimiento de los Contratantes Incapaces.—Declarado nulo un contrato de permuta de bienes inmuebles de menores y con lugar la reivindicación de los mismos, no están obligados los demandantes menores a restituir a los demandados, por no haberse justificado que se enriquecieron con la permuta.

Id.—Prescripción entre Presentes—Buena Fe y Justo Título.—No concurriendo los requisitos de buena fe y justo título en la posesión entre presentes, no se adquire por prescripción de diez años, el dominio de los bienes poseídos.

Id.—Reivindicación de Parte de Una Finca—División de la Finca—Segregación de la Parte Reivindicada.—Declarada con lugar la reivindicación de una finca que ha sido incorporada a otra de mayor cabida e inscrita como una sola finca en el registro, para verificar la entrega de la parte reivindicada, es necesario practicar la división de la finca de acuerdo con el artículo 409 del Código Civil, segregando la parte reivindicada.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José G. Torres.*

Abogado de los apelados: *Sr. Eugenio Benítez Castaño.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En 6 de marzo del año 1909 Juan del Carmen Monge y Agosto, por derecho propio y como defensor judicial de sus

hermanas menores de edad Valeriana y Mercedes, de los mismos apellidos, produjo demanda ante la Corte de Distrito del Distrito Judicial de San Juan, contra Antonio, María, Angela y Josefina Zechini y Veve, con súplica de que se condene a los demandados a devolver a los demandantes, 13 cuerdas y 68 céntimos de terreno que están detentando, y de que son dueños los demandantes, por herencia de su padre Juan del Carmen Monge, cuyos terrenos se encuentran comprendidos dentro de 27 cuerdas y 89 céntimos que los demandados han inscrito a su nombre en el registro de la propiedad; condenándoles también al pago de mil quinientos dollars, en concepto de indemnización de los productos de los terrenos detentados, y a solventar las costas del litigio.

Con el fin de que pueda llevarse a cabo la sentencia que se dicte con relación a la devolución de las 13 cuerdas y 68 céntimos de terreno, solicitan además los demandantes, que se declare nulo el expediente de dominio promovido por los demandados en la parte relativa a dicho terreno, y que se ordene la división de la finca inscrita para entregar a los demandados la participación que en la misma les corresponda.

Los demandados Antonio, Angela y Josefina Zechini y Veve, al contestar la demanda en 29 de abril siguiente, solicitaron fuera declarada sin lugar en todas sus partes; y además formularon reconvención contra los demandantes para que, en el caso de prosperar dicha demanda, fueran condenados a reintegrar a la Sucesión Zechini la suma de 6,000 dollars, por una finca de 50 cuerdas y cantidad de 625 dollars que desembolsaron los demandados para adquirir en permuta los terrenos que los demandantes tratan de reivindicar, por los productos de aquella finca, desde el año 1895 hasta el de 1905, y por los intereses de los 625 dollars.

Posteriormente, en 31 de agosto del mismo año, adicionaron la contestación en el sentido de que habiendo habido allá por el año 1897 con buena fe y por título de permuta con Cruz Agosto el terreno objeto de reivindicación, habían

ya adquirido por prescripción el dominio de ese terreno con arreglo al artículo 1858 del Código Civil revisado.

Celebrado el juicio, la corte dictó sentencia en 11 de octubre del año 1909, por la que declara que los demandantes no tienen derecho a reivindicar de los demandados la finca en litigio, y declara también sin lugar la reconvención propuesta subsidiariamente para el caso de que prosperase la demanda, sin especial condenación de costas.

Esa sentencia ha sido recurrida por los demandantes, quienes solicitan su revocación y que se dicte otra de acuerdo con las peticiones de la demanda.

De las alegaciones de las partes combinadas con los elementos probatorios aportados al juicio resulta:

1°. Que Juan del Carmen Monge falleció en el pueblo de Río Grande en 5 de febrero de 1895.

2°. Que por resolución judicial de 22 de febrero de 1897, fueron declarados herederos del mismo sus legítimos hijos Pedro y Tomás, habidos en su primer matrimonio con Asunción Rivera, sus también hijos legítimos Julia Monserrate y Eulalia, habidos en su segundo matrimonio con Dionisia Jiménez, sus hijos naturales Antonio Ramón, Juan Isaac, Mercedes, Esteban y Valeriana, procreados en Cruz Agosto Negrón, sus nietos Jesús María, Esperanza, Eugenia, Enrique y Nemesio, en representación de su finada madre Juana Justa Monge y Rivera, y sus otras dos nietas, Lucía Candelaria y Josefa, en representación de su legítima madre Emilia Herminia Monge y Jiménez.

3°. Que por escritura de 16 de julio de 1895, Rosa Cruz Agosto y Antonio Zechini Veve como representante de la Sucesión de Antonio Zechini García, que la constituían la viuda y los cuatro demandados, se comprometieron a permutar dos fincas rústicas una de 18 cuerdas y 72 céntimos, radicada en el barrio de Herrera, término municipal de Río Grande, colindante por el norte, con la hacienda María, de la sucesión de Antonio Zechini; por el sur, con terrenos de

la sucesión de Juan Monge; por el este, con el río del Espíritu Santo, y por el oeste con un caño o cauce viejo del río de Río Grande, cuya finca había de adjudicarse a los hijos naturales de Rosa Cruz Agosto, nombrados Antonio, Juan, Mercedes, Esteban y Valeriana Monge y Cruz en la testamentaría de su padre Juan Monge, según convenio privado tenido con los demás interesados, y la otra de la propiedad de la sucesión de Antonio Zechini y García, compuesta de 50 cuerdas y radicada en el barrio de Guzmán Abajo, del mismo término municipal de Río Grande, colindante por el norte con la sucesión de Antonio Zechini; por el sur y oeste, con la sucesión de Nemesio Jiménez, y por el este con el camino del barrio expresado, cuya permuta había de llevarse a cabo por ambas partes, tan pronto como a los hijos de Cruz Agosto se hiciera la adjudicación correspondiente en dicha testamentaría, habiendo señalado las partes de común acuerdo igual precio o valor a cada una de las fincas descritas.

4°. Que en 12 de mayo de 1897, los herederos de Juan del Carmen Monge, a saber: Tomás, Pedro y Monserrate Monge, Antonio Zechini, como cesionario de los derechos y acciones de Eulalia Monge por título de compra, José Bloy en representación de sus hijas Josefa y Lucía, habidas en su matrimonio con la heredera difunta Herminia Monge, Pelegrín Torrales, como representante defensor de los menores Jesús, Eugenia, Enrique y Nemesio Sabaud, hijos de la heredera difunta Justa Monge, y Cruz Agosto, acompañada de su apoderado Rodolfo González, en su calidad de madre de los menores Antonio, Juan, Mercedes, Esteban y Valeriana Monge, procedieron a inventariar y valorar, asistidos de peritos, los bienes relictos por el difunto Juan del Carmen Monge, entre cuyos bienes, que dieron el valor total de $2,490.65, figuraron *78 cuerdas de terrenos, 46 centavos de otra de vega, en el barrio de Herrera, colindantes, por el este, Río Grande; por el sur, con Don Antonio Zechini; por el norte, con el cauce de Río Viejo, y con el mismo Don Antonio Zechini, equivalentes a treinta hectáreas, ochenta y tres áreas y setenta y*

*ocho centiáreas, a veinte y ocho pesos cuerdas,* cuyo título
de propiedad no ha venido al juicio; habiendo sido nombrado
de común acuerdo el heredero Pedro Monge albacea y conta-
dor partidor, cuyos actos se hicieron constar en escrito que
firmaron los interesados por sí o por otros a su ruego.

5°. Que al día siguiente, trece de mayo citado, el albacea y
contador partidor nombrado, Pedro Monge, practicó y redujo
a escrito que en prueba de conformidad también firmaron los
interesados, con renuncia de todo derecho que pudiera favore-
cerles, las operaciones de división y adjudicación de los bie-
nes de Juan del Carmen Monge, habiéndose adjudicado a la
heredera Eulalia Monge Jiménez nueve cuerdas y ocho centa-
vos de otra, de los terrenos de vega ya descritos y valorados
a razón de veinte y ocho pesos la cuerda, y a los hijos de Cruz
Agosto, Antonio, Juan, Mercedes y Esteban cuatro cuerdas
cincuenta y seis centavos de otra, y a Valeriana cuatro cuer-
das 57 centavos y treinta y seis céntimos de otra de los mismos
terrenos, sin que se expresaran las colindancias de cada parte
adjudicada, tanto a Eulalia Monge como a los cinco hijos de
Cruz Agosto.

6°. Que Cruz Agosto entregó a Antonio Zechini las por-
ciones de terreno adjudicadas a sus cinco hijos, y recibió en
cambio de Zechini la finca de cincuenta cuerdas a que se re-
fiere la escritura ya mencionada de 16 de julio de mil ocho-
cientos noventa y cinco, y además seiscientos veinte y cinco
pesos en metálico, quedando así cumplido el compromiso de
permuta consignado en dicha escritura, no habiendo mediado
autorización judicial para el convenio de permuta, ni para su
realización.

7°. Que Cruz Agosto Negrón vendió a Manuel Melchor
García la finca de 50 cuerdas que recibió de Zechini, habién-
dole pagado García el precio de la venta, parte en dinero y
parte en una casa radicada en el pueblo de la Carolina; y como
no había recibido de la sucesión Zechini escritura de propie-
dad de dicha estancia, fué convenido en que se otorgara esa
escritura a favor de Manuel Melchor García, como así lo hizo

Zechini, por sí y como apoderado de sus hermanas Josefina, Angela y María, en documento público de 17 de junio del año 1902, inscrito en el Registro de la Propiedad de San Juan, en cuyo documento confesaron los vendedores haber recibido del comprador como precio, la suma de quinientos dollars antes del otorgamiento de la escritura.

8°. Que por lo que atañe a los terrenos recibidos por los demandados a virtud de permuta con Rosa Cruz Agosto, Antonio Zechini y Veve, por su propio derecho y como apoderado de sus hermanas María, Angela y Josefina, promovió expediente de dominio ante la Corte de Distrito de San Juan, para justificar el que tenía sobre una finca rústica con cabida de 27 cuerdas 89 centavos y 36 céntimos, radicada en el barrio de Herrera de Río Grande, cuya finca habían adquirido él y sus hermanas por compra a Eulalia Monge y Jiménez y a Cruz Agosto, hacía el espacio de cuatro años, habiéndose declarado a favor de los hermanos Zechini y Veve el dominio solicitado, por auto de 18 de marzo de 1901, inscrito en el registro de la propiedad con fecha 17 de junio del mismo año.

9°. Que acerca del producto anual de los terrenos reclamados por los demandantes, fueron examinados Tomás Monge, Gerardo Baldrich y Antonio Zechini, de los cuales el primero dice que el valor mínimo en arrendamiento anual de una cuerda de dichos terrenos es el de ocho pesos, sin que sepa lo que producen anualmente; el segundo, que los terrenos si se dedican a cañas valen en arrendamiento diez o doce pesos al año cada cuerda; y el tercero, que los mismos terrenos, cultivando ciertas cuerdas de cañas y otras de pastos, tabaco, etc., pueden rendir seis, ocho o diez pesos por cuerda, aun en la fecha en que tuvo lugar la permuta.

Expuestos como quedan los hechos resultantes del juicio, entendemos que la sentencia recurrida no se ajusta a derecho. Veámoslo.

Los demandantes tienen título para reivindicar las 13 cuerdas y 68 céntimos de terreno que reclaman como suyas.

Dicho título es el documento privado de partición de bie-

nes de Juan del Carmen Monge, en el cual fueron adjudicadas a cada una de los demandantes cuatro cuerdas y centavos de otra, de una finca con cabida de setenta y ocho cuerdas y centavos de otra radicadas en el municipio de Río Grande y pertenecientes al finado Monge.

La partición legalmente hecha, dice el artículo 1035 del Código Civil revisado, igual al 1068 del Código Civil antiguo, confiere a cada heredero la propiedad exclusiva de los bienes que le han sido adjudicados, y por tanto los demandantes Juan del Carmen, Valeriana y Mercedes Monge y Agosto, adquirieron a virtud de las operaciones divisorias de su causante Juan del Carmen Monge, la propiedad de los terrenos que les fueron adjudicados. Y no puede alegarse que la partición fué ilegal, por falta de aprobación judicial, pues el artículo 1027 del Código Civil revisado, que es el 1060 del Código Civil español, vigente en la fecha en que se practicaron las operaciones divisorias de que se trata, estatuye que cuando los menores de edad estén sometidos a la patria potestad y representados en la partición por el padre, y en su caso por la madre, no será necesaria la intervención ni la aprobación judicial. El artículo 1048 de la Ley de Enjuiciamiento Civil antigua, que exigía dicho requisito en casos como el que se trata, quedó modificado por el artículo 1060 del Código Civil antiguo que dejamos citado.

Pero es que aun en el supuesto de que hubiera sido necesaria la intervención y aprobación judicial en las operaciones divisorias del difunto Juan del Carmen Monge, el demandado Antonio Zechini, que intervino en ellas como cesionario de los derechos y acciones de la heredera Eulalia Monge, no podría invocar la falta de aquel requisito para beneficiarse de su omisión, pues, según el artículo 1269 del Código revisado que es el 1302 del Código Civil antiguo, las personas capaces no pueden alegar la incapacidad de aquellos con quienes contrataron, y D. Antonio Zechini contrató con los demandantes concertando con ellos, representados por su madre, y con los

demás herederos, las operaciones divisorias de los bienes del finado Don Juan del Carmen Monge.

Aunque el razonamiento expuesto no es aplicable a los demandados María, Angela y Josefina Zechini y Veve, pues ellas no intervinieron en las operaciones divisorias de que se deja hecho mérito, tampoco pueden impugnarlas por una razón que es común a las mismas y á su hermano D. Antonio Zechini o sea por haber contratado con dichos menores, Zechini por propio derecho, y ellas bajo la representación de Zechini, adquiriendo de los demandantes por títulos de permuta, la participación que les correspondió en las operaciones divisorias.

El contrato de permuta que celebraron los demandantes con los cuatro demandados, obrando Zechini por derecho propio y a nombre de sus hermanas, es manifiestamente nulo, pues el artículo 4°. del Código Civil declara nulos los actos ejecutados contra lo dispuesto en la ley, salvo los casos en que la misma ley ordene su validez, y el artículo 164 del Código Civil vigente en la época en que tuvo lugar la adquisición de los terrenos objeto de este litigio, que es el 229 del Código Civil revisado, preceptúa que el padre o la madre en su caso, no podrán enajenar los bienes inmuebles del hijo en que les corresponda el usufructo o la administración, ni gravarlos sino por causas justificadas de utilidad o necesidad y previa la autorización del juez del domicilio con audiencia del ministerio Fiscal, salvo las disposiciones que en cuanto a los efectos de la transmisión establece la Ley Hipotecaria.

Igual prescripción contiene el artículo 2010 de la Ley de Enjuiciamiento Civil vigente en la fecha de la permuta; y la Ley de Procedimientos Legales Especiales aprobada en marzo 9 de 1905 consagra su título 5°. a las autorizaciones sobre derechos y bienes de menores, viniendo la Ley aprobada en 9 de marzo del corriente año, a consignar preceptos más restrictivos sobre el mismo particular.

No importa que los demandados hayan inscrito en el registro de la propiedad el auto aprobatorio del dominio de los

terrenos que adquirieron de Cruz Agosto, englobándolos con otros adquiridos de Eulalia Monge. Tal inscripción, según el artículo 33 de la Ley Hipotecaria no puede convalidar un contrato que era nulo con arreglo a las leyes.

Además, el expediente de dominio contenía un vicio esencial, por el cual se trató de salvar ante la corte correspondiente y ante el registro, la dificultad insubsanable de la falta de autorización judicial, cuyo vicio consistía en afirmarse como se afirmó, que parte de la finca a que se refería el expediente, había sido adquirida por compra a Cruz Agosto, en vez de consignar que la compra fué hecha a ésta como representante legal de sus menores hijos.

Según sentencia del Tribunal Supremo de España de 30 de diciembre de 1875, para adquirir con seguridad bienes inmuebles o derechos reales, es indispensable no sólo que el vendedor sea dueño de ellos, sino que tenga capacidad civil para enajenarlos y declarada nula la enajenación, queda también anulada su inscripción en el registro de la propiedad.

Los hermanos Zechini adquirieron las trece cuerdas y 68 céntimos de terreno a que alude la demanda, de los demandantes que hoy les reclaman su devolución, y éstos eran dueños de dichos terrenos por título legítimo, según ya hemos manifestado; pero como menores de edad no tenían capacidad civil para enajenarlos y tampoco su madre pudo hacerlo sin la correspondiente autorización judicial, por lo que fué nula la enajenación y consiguientemente nula también la inscripción del dominio de esos terrenos en el registro de la propiedad, a favor de los demandados. No pueden éstos invocar carácter de terceros en frente de las pretensiones de los demandantes, pues intervinieron en la instrucción del expediente de dominio inscrito y contrataron con los mismos demandantes que no tenían capacidad para contratar.

Siendo como es nulo el contrato de permuta, son de aplicación al caso los artículos 1270 y 1271 del Código Civil vigente, que reproducen los 1303 y 1304 del Código Civil antiguo. Esos artículos dicen así:

"Artículo 1270.—Declarada la nulidad de una obligación, los contratantes deben restituirse recíprocamente las cosas que hubiesen sido materia del contrato, con sus frutos, y el precio con los intereses, salvo lo que se dispone en los artículos siguientes:

"Artículo 1271.—Cuando la nulidad proceda de la incapacidad de uno de los contratantes, no está obligado el incapaz a restituir, sino en cuanto se enriqueció con la cosa o precio que recibiera."

Ante preceptos tan terminantes los demandados deben restituir a los demandantes los terrenos que éstos les reclaman con sus frutos, sin que los demandantes estén obligados a restituir a los demandados, pues no se ha justificado que se enriquecieran con la permuta. Esa prueba incumbía a los demandados.

¿Cuáles son los frutos que con los terrenos han de ser restituidos a los demandantes?

Para determinar la cantidad que en concepto de frutos han percibido los demandados durante los doce años próximamente en que han estado detentando los terrenos que se les reclaman, desde el año de 1897 en que los recibió Zechini hasta el 6 de marzo de 1909, en que fué interpuesta la demanda, debemos tener en cuenta las declaraciones de Tomás Monge, Gerardo Baldrich y del mismo Antonio Zechini, y tomándolas en el sentido más favorable a los demandados, bien podemos llegar a la conclusión de que las trece cuerdas y 68 céntimos de terreno que reclaman los demandantes, han debido producir a los demandados en los doce años en que las han detentado, al menos la suma de mil dollars.

Los demandados no pueden pretender que siendo como es nulo el contrato de permuta que celebraron con Cruz Agosto en representación de los demandantes, les reintegren éstos la suma de seis mil dollars ni otra alguna por los conceptos que expresan en su reconvención, pues no habiéndose justificado que los demandantes se enriquecieran con la permuta, no están en la obligación de restituir, según el precepto del artículo 1271 del Código Civil que dejamos transcrito.

Ni han adquirido los demandados por prescripción el dominio del terreno de que se trata con arreglo al artículo 1858 del Código Civil, según alegaron al adicionar su contestación, porque si bien en el presente caso las partes estaban presentes y habían transcurrido los diez años de posesión que exige dicho artículo, no concurrieron los requisitos de buena fe y justo título necesarios al efecto.

Teniendo como tienen derecho los demandantes a reivindicar las 13 cuerdas y 68 céntimos de terreno que adquirieron, por adjudicación hecha en la divisoria de los bienes de su difunto padre, y estando incluídos esos terrenos en otros de cabida de veinte y siete cuerdas 69 centavos y 36 céntimos, que fueron objeto del expediente de dominio inscrito en el registro de la propiedad a favor de los hermanos Zechini, para que pueda verificarse la entrega de aquéllos a los demandantes, se hace necesario que se haga la división de la finca de 27 cuerdas, 69 centavos y 36 céntimos, segregando la participación que corresponde a los demandantes y quedando el resto a favor de los demandados.

Para la división de la expresada finca que hoy propiamente pertenece a los demandados y a los demandantes en común y proindiviso, aunque en distintas proporciones, debe darse aplicación al precepto del artículo 409 del Código Civil.

Por las razones expuestas entendemos procede:

1º. Que se declare de la propiedad de los demandantes el terreno que como suyo reclaman en la demanda.

2º. Que se declare la nulidad del expediente de dominio promovido por los demandados en la parte relativa al terreno reclamado.

3º. Que se haga la división de los terrenos a que se refiere el expediente de dominio promovido por Zechini, precisándose y determinándose la parte que corresponda a los demandantes.

4º. Que esa parte, una vez fijada y determinada, se entregue a los demandantes.

5°. Que los demandados satisfagan a los demandantes por vía de reintegro de frutos, la suma de mil dollars.

6°. Que los demandados no tienen derecho a reintegro alguno y deben pagar las costas causadas en primera instancia.

La sentencia apelada debe revocarse y dictarse otra que contenga los pronunciamientos indicados.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary y Wolf.

Los Jueces Asociados, Sres. Del Toro y Aldrey, no intervinieron en la resolución de este caso.